# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANSON CHI, | : | Civil No. 1:24-CV-00928 |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the United States' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b), and in the alternative a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Docs. 30, 60.) The court will grant the pending motion and dismiss the complaint for failing to state a claim upon which relief may be granted. The court grants Plaintiff leave to amend his complaint. The court will also revoke Plaintiff's *in forma pauperis* status.

### BACKGROUND AND PROCEDURAL HISTORY

Anson Chi ("Plaintiff") initiated this action by lodging a complaint in the Western District of Pennsylvania. (Doc. 1-1.) The complaint and motion for leave to proceed *in forma pauperis* were received and docketed by the Western District of Pennsylvania on May 23, 2022. (Docs. 1, 1-1.) The Western District of Pennsylvania granted the motion to proceed *in forma pauperis* and filed the lodged

1

complaint. (Docs. 4, 5.) The complaint was served on the United States ("Defendant"). (Docs. 7, 13.)

On January 5, 2023, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and a brief in support. (Docs. 16, 17.) Plaintiff then filed a response to the motion to dismiss and an amended complaint on March 15, 2023. (Docs. 22, 23.) The Western District of Pennsylvania dismissed the motion to dismiss as moot based on the filing of the amended complaint. (Doc. 33.)

On June 12, 2023, Defendant filed a motion to dismiss the amended complaint and, in the alternative, a motion for summary judgment along with a brief in support. (Doc. 30.) On July 7, 2023, the Western District of Pennsylvania entered an order putting Plaintiff on notice that Defendant was seeking summary judgment based on a failure to exhaust the administrative remedies and that his responsive briefing could include exhibits. (Doc. 40.) Plaintiff filed a brief in opposition on September 15, 2023. (Doc. 44.) On April 9, 2024, Defendant filed a supplemental brief or, in the alternative, a motion to revoke *in forma pauperis* status and dismiss. (Doc. 60.) Defendant alleged that Plaintiff had three strikes under 28 U.S.C. § 1915 and did not qualify for *in forma pauperis* status. (*Id.*) The motion also raised the issue of improper venue. (*Id.*) On May 28, 2024, Plaintiff filed a responsive brief to the supplemental brief. (Doc. 65.)

On June 5, 2024, the Western District of Pennsylvania entered an order transferring venue to this court. (Doc. 66.) On June 10, 2024, this court entered an order notifying that parties that the court intended to address the pending motion to dismiss the complaint identified on the docket at Doc. 30. (Doc. 69.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at United States Prison Canaan ("USP-Canaan"), in Wayne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

The amended complaint is merely an attempt to correct the original complaint and lacks any alleged facts. Therefore, it cannot survive Defendant's Rule 12(b)(6) challenge.

The amended complaint states that Plaintiff "may base all of his FTCA claims on state law torts instead of constitutional tort claims. 28 U.S.C.S. § 1346(b). Chi does so here." (Doc. 23, pp. 1–2.)[1] The amended complaint then

---

[1] For ease of reference, the court use the page numbers from the CM/ECF header.

references the original complaint by identifying each claim by number and asserting it is based on a state law tort claim: "Claim # 1 is now based on Pennsylvania state law torts pursuant to 28 U.S.C.S. § 1346(b)"; "Claim #2 is now based on Pennsylvania state law torts under 28 U.S.C.S. § 1346(b)"; and continues with identical phrasing through claim twenty-six. (*Id.*, pp. 1–6.)

Plaintiff asks the court to read the amended complaint with the original complaint. (Doc. 44.) However, the Third Circuit Court of Appeals and this court have clearly held that an amended pleading replaces the original pleading. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) (recognizing that an "amended complaint supersedes the original version"); *Bamat v. Glenn O. Hawbaker, Inc.*, 2019 WL 1125817, at *1 n.4 (M.D. Pa. Mar. 12, 2019) (quoting *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2 (1982)); ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."). Therefore, the court declines to read the original complaint and the amended complaint together. Instead, the court will look at the amended complaint in isolation when addressing the pending motion to dismiss.

### A. The Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the

5

complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

Here, the amended complaint merely refers to claims made in the original complaint by number and does not provide any alleged facts. (Doc. 23.) Therefore, it cannot survive a motion under Fed. R. Civ. P. 12(b), *Iqbal*, and *Twombly*. The court must dismiss the complaint. However, the court will dismiss

the complaint without prejudice. Pursuant to *Phillips*, Plaintiff will have a final opportunity to bring his claims before this court by filing a second amended complaint using the civil rights complaint form provided by the court.

The court notes that Defendant has asked the court for summary judgment in the alternative to the dismissal of the complaint and proper notice of the implications of a motion for summary judgment has been served on Plaintiff. (Docs. 30, 40.) Typically, the court would consider the evidence outside the record to determine if leave to amend would be futile. However, since the amended complaint does not include *any* alleged facts, the court cannot glean the conduct at issue and the state tort law claims associated with the conduct without reviewing the original complaint. As addressed above, the amended complaint replaced the original complaint, and the original complaint will not be reviewed in conjunction with the amended complaint. Therefore, the amended complaint will be dismissed without prejudice.

### B. Plaintiff's *In Forma Pauperis* Status Will Be Revoked.

Defendant also requests that Plaintiff's *in forma pauperis* status be revoked based on him having three strikes under 28 U.S.C. § 1915(g). (Doc. 60, pp. 4–7.)

The Prison Litigation Reform Act ("PLRA") includes a "three strikes" rule, "which limits a prisoner's ability to proceed [in forma pauperis] if the prisoner

abuses the judicial system by filing frivolous actions." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

The statutory text of the "three strikes rule" provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Fifth Circuit has twice found that Plaintiff was ineligible to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g). *Chi v. Doe #1*, 690 Fed. Appx. 293 (5th Cir. 2017); *Chi vi. Stover*, 706 Fed. Appx. 835, 836 (5th Cir. 2017).

Furthermore, considering there were no factual allegations contained in the amended complaint, there are insufficient facts to establish that Plaintiff is facing imminent danger if he is unable to proceed in this action. Therefore, Plaintiff's *in forma pauperis* status will be revoked. Despite this revocation, the filing fee has been paid in full. (Doc. 6.) Therefore, no fee is currently due under 28 U.S.C. § 1914(a). However, there is a $55.00 administrative fee prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1914(b) that is no longer waived by the court since Plaintiff will no longer have *in forma pauperis* status. *See District Court Miscellaneous Fee Schedule*, https://www.uscourts.gov/court-

8

programs/fees/district-court-miscellaneous-fee-schedule (last viewed on Feb. 3, 2025). Plaintiff must timey pay the administrative fee to continue to pursue his case. Failure to timely pay the outstanding administrative fee will result in the case being dismissed.

## Conclusion

For the above stated reasons, Plaintiff's amended complaint will be dismissed without prejudice. He will be granted a final opportunity to file a second amended complaint before this court. Furthermore, Plaintiff must pay the outstanding administrative fee to continue to pursue this action.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 24, 2025