IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANSON CHI, | : | Civil No. 1:24-CV-00928 |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a second amended complaint filed by Anson Chi ("Plaintiff"). (Doc. 84.) The court will screen this pleading pursuant to 28 U.S.C. § 1915A and dismiss this action for being filed outside the statute of limitations.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by lodging a complaint in the Western District of Pennsylvania. The complaint is dated May 31, 2021 on the signature page of the form complaint, and dated April 25, 2022 on the verification page of the handwritten supplement to the form complaint. (Doc. 1-1.) However, the complaint and motion for leave to proceed *in forma pauperis* were received and docketed by the Western District of Pennsylvania on May 23, 2022. (Docs. 1, 1-1.) The Western District of Pennsylvania granted the motion to proceed *in forma pauperis* and filed the complaint. (Docs. 4, 5.) The complaint was then served on the United States of America ("Defendant"). (Docs. 7, 13.)

On January 5, 2023, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and a brief in support. (Docs. 16, 17.) Plaintiff then filed a response to the motion to dismiss and an amended complaint on March 15, 2023. (Docs. 22, 23.) The Western District of Pennsylvania dismissed the motion to dismiss as moot based on the filing of the amended complaint. (Doc. 33.)

On June 12, 2023, Defendant filed a motion to dismiss the amended complaint and, in the alternative, a motion for summary judgment. (Doc. 30.) Defendant also filed a brief in support. (Doc. 30.) On July 7, 2010, the Western District of Pennsylvania entered an order putting Plaintiff on notice that Defendant was seeking summary judgment based on a failure to exhaust administrative remedies and that his responsive briefing could include exhibits. (Doc. 40.) Plaintiff filed a brief in opposition on September 15, 2023. (Doc. 44.) On April 9, 2024, Defendant filed a supplemental brief or, in the alternative, a motion to revoke *in forma pauperis* status and dismiss. (Doc. 60.) Defendant alleged that Plaintiff had three strikes under 28 U.S.C. § 1915 and did not qualify for *in forma pauperis* status. (*Id.*) The motion also raised the issue of improper venue. (*Id.*) On May 28, 2024, Plaintiff filed a responsive briefing to the supplemental briefing. (Doc. 65.)

On June 5, 2024, the Western District of Pennsylvania entered an order transferring venue to this court. (Doc. 66.) On June 10, 2024, this court entered an

order notifying that parties that the court intended to address the pending motion to dismiss the complaint identified on the docket as Doc. 30.  (Doc. 69.)

On February 24, 2025, this court entered a memorandum and order granting Defendant's motion to dismiss the amended complaint and granting Plaintiff leave to file a second amended complaint.  (Docs. 80, 81.)  The court then received and docketed Plaintiff's second amended complaint on March 17, 2025.  (Docs. 84, 84-1.)  While this second amended complaint repeatedly alleges that Plaintiff is not raising any constitutional challenges pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), it appears that he is raising challenges under the Fourth, Fifth, Eighth, and Fourteenth Amendments under the Federal Tort Claims Act ("FTCA").  (Docs. 84, 84-1.)  He also sets forth 26 claims that he alleges as state tort law violations.  (Doc. 84, pp. 5, 7–9.)[1]  The premise for Plaintiff's claims is the alleged conduct by staff at the United States Prison Canaan ("USP Canaan") on April 23, 2018 through April 30, 2018.  (Doc. 84, p. 4; Doc. 84-1, pp. 1–9.)  He also raises facts from his time at FCI-Ray Brook from May 3, 2018 to February 8, 2019.  (Doc. 84, p. 11.)  Plaintiff also alleges that he was returned to USP Canaan and was again denied medical treatment on February 8, 2019.  (*Id.*, p. 12.)  He further alleges facts from his time

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

at FCI-McKean including a denial of medical care on February 14, 2019 and June 12, 2019.  (*Id.*, p. 13.)

In the second amended complaint, Plaintiff further alleges that on March 23, 2021 "NERO, the appropriate federal agency, denied my FTCA administrative Standard Form 95." (Doc. 84-1, p. 16.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district as a substantial portion of the alleged events took place at United States Prison Canaan ("USP-Canaan"), in Wayne County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## DISCUSSION

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).  "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.  Thus, 'the extent of the United States' liability under the FTCA is

generally determined by reference to state law.'" *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361–62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).

An FTCA claim against the United States is "forever barred" unless it is presented to the appropriate federal agency "within two years after such claim accrues[.]" *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006) (quoting 28 U.S.C. § 2401(b)). When an FTCA claim accrues is a question of federal law. *See id.* (citing *Tyminski v. United States*, 481 F.2d 257, 262-63 (3d Cir. 1973)). If the claim is administratively denied, it must be brought in federal court within six months from the date "of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). An FTCA claimant must file "*both* a claim with the federal agency within two years of the tort *and* suit within six months of the agency's denial" of that claim. *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

While on the complaint form Plaintiff does not state when he presented his claims to the Federal Bureau of Prisons ("BOP"), he does state that he presented the claims to "NERO," which denied the claim on March 23, 2021. (Doc. 84, p. 16.) The court assumes NERO is the Northeast Regional Office of the BOP. Therefore, it appears Plaintiff was required to file suit by September 23, 2021. Here, it appears that Plaintiff signed the form complaint on May 31, 2021, but did

not complete the supplemental material until April 25, 2022. (Doc. 5.) The Western District of Pennsylvania received the complaint on May 23, 2022. (*Id.*)

"The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998)). However, Plaintiff has provided no evidence establishing the date he mailed the complaint to the court. Therefore, the court will treat the filing date as May 23, 2022. Even if the court treated the April 25, 2022 verification on the supplemental pages to the form complaint as the date it was mailed to the court, it would still be more than six months since the BOP denied his FTCA claim. Therefore, this complaint will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the court will dismiss the complaint with prejudice as it was filed outside the statute of limitations and close the case. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: June 9, 2025