IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANSON CHI, | : Civil No. 1:24-CV-00928 |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a motion for reconsideration of the court's June 9, 2025 order closing the case. (Doc. 97.) Anson Chi ("Plaintiff") alleges that the court relied upon the incorrect agency denial date in determining that the case was filed outside the statute of limitations and dismissed the action. (*Id.*) Also pending is Plaintiff's motion for a stay to allow him additional research in support of his motion for reconsideration. (Doc. 99.) Upon additional review of the docket, the court finds that Plaintiff's complaint was timely filed. The court will grant Plaintiff's motion for reconsideration, reopen the case, and screen the second amended complaint pursuant to 28 U.S.C. § 1915A. Since the court will grant Plaintiff's motion for reconsideration based on available information, no additional research by Plaintiff is required and the court will deny his motion for a stay.

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by lodging a complaint in the Western District of Pennsylvania. The complaint is dated May 31, 2021 on the signature page of the form complaint, and dated April 25, 2022 on the verification page of the handwritten supplement to the form complaint. (Doc. 1-1.) However, the complaint and motion for leave to proceed *in forma pauperis* were received and docketed by the Western District of Pennsylvania on May 23, 2022. (Docs. 1, 1-1.) The Western District of Pennsylvania granted the motion to proceed *in forma pauperis* and filed the complaint. (Docs. 4, 5.) The complaint was then served on the United States of America ("Defendant"). (Docs. 7, 13.)

On January 5, 2023, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and a brief in support. (Docs. 16, 17.) Plaintiff then filed a response to the motion to dismiss and an amended complaint on March 15, 2023. (Docs. 22, 23.) The Western District of Pennsylvania dismissed the motion to dismiss as moot based on the filing of the amended complaint. (Doc. 33.)

On June 12, 2023, Defendant filed a motion to dismiss the amended complaint and, in the alternative, a motion for summary judgment. (Doc. 30.) Defendant also filed a brief in support. (Doc. 30.) On July 7, 2023, the Western District of Pennsylvania entered an order putting Plaintiff on notice that Defendant was seeking summary judgment based on a failure to exhaust administrative

remedies and that his responsive briefing could include exhibits. (Doc. 40.) Plaintiff filed a brief in opposition on September 15, 2023. (Doc. 44.) On April 9, 2024, Defendant filed a supplemental brief or, in the alternative, a motion to revoke *in forma pauperis* status and dismiss. (Doc. 60.) Defendant alleged that Plaintiff had three strikes under 28 U.S.C. § 1915 and did not qualify for *in forma pauperis* status. (*Id.*) The motion also raised the issue of improper venue. (*Id.*) On May 28, 2024, Plaintiff filed a responsive briefing to the supplemental briefing. (Doc. 65.)

On June 5, 2024, the Western District of Pennsylvania entered an order transferring venue to this court. (Doc. 66.) On June 10, 2024, this court entered an order notifying that parties that the court intended to address the pending motion to dismiss the complaint identified on the docket as Doc. 30. (Doc. 69.)

On February 24, 2025, this court entered a memorandum and order granting Defendant's motion to dismiss the amended complaint and granting Plaintiff leave to file a second amended complaint. (Docs. 80, 81.) The court then received and docketed Plaintiff's second amended complaint on March 17, 2025. (Docs. 84, 84-1.) While this second amended complaint repeatedly alleges that Plaintiff is not raising any constitutional challenges pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), it appears that he is attempting to raise challenges under the Fourth, Fifth, Eighth, and Fourteenth

3

Amendments under the Federal Tort Claims Act ("FTCA").  (Docs. 84, 84-1.)  He also sets forth 26 claims that he alleges as state tort law violations.  (Doc. 84, pp. 5, 7–9.)[1]  The premise for Plaintiff's claims is the alleged conduct by staff at the United States Prison Canaan ("USP Canaan") on April 23, 2018 through April 30, 2018.  (Doc. 84, p. 4; Doc. 84-1, pp. 1–9.)  He also raises facts from his time at FCI-Ray Brook from May 3, 2018 to February 8, 2019.  (Doc. 84, p. 11.)  Plaintiff also alleges that he was returned to USP Canaan and was again denied medical treatment on February 8, 2019.  (*Id.*, p. 12.)  He further alleges facts from his time at FCI-McKean including a denial of medical care on February 14, 2019 and June 12, 2019.  (*Id.*, p. 13.)

In the second amended complaint, Plaintiff further alleges that on March 23, 2021 "NERO[2], the appropriate federal agency, denied my FTCA administrative Standard Form 95."  (*Id.*, p. 18.)  Based on this denial date, the court determined that Plaintiff's claims under the FTCA were untimely and dismissed the second amended complaint on June 9, 2025.  (Docs. 92.)  The order dismissing the complaint was supposed to be filed as Doc. 93 in the docket.  However, the docket contains a notation that on July 21, 2025, the order was deleted as it was filed in the wrong case.  It is unclear why the correct order was not entered to replace the

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

[2] Northeast Regional Office of the Federal Bureau of Prisons ("NERO").

4

deleted order. Nonetheless, the case was closed on June 9, 2025, and Plaintiff is seeking reconsideration of this closure.

On July 15, 2025, the court received and docketed Plaintiff's motion for reconsideration which argues that the court overlooked the fact that Plaintiff requested reconsideration of the NERO's March 23, 2021 denial and received a second denial on March 14, 2022. (Doc. 97.) Plaintiff did not file the required brief in support of his motion as required by Local Rule 7.5. However, given the extensive argument made in the motion, the court construes the filing as a joint motion and brief. Therefore, the court will address the pending motion for reconsideration.

On November 6, 2025, the court received and docketed Plaintiff's motion for a stay to allow Plaintiff additional time to conduct research before the court addresses the pending motion for reconsideration. (Doc. 99.)

## DISCUSSION

### A. Plaintiff's Motion for Reconsideration Will Be Granted.

Plaintiff seeks reconsideration of the court's June 9, 2026 order dismissing the complaint and closing the action. (Doc. 97.)

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered

evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b)(1), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" based upon "mistake, inadvertence, surprise, or excusable neglect." A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In his motion, Plaintiff points out that he requested reconsideration of the March 23, 2021 denial by NERO, which resulted in a second denial by NERO on March 14, 2022. Such denial would make Plaintiff's filing of the compliant on May 23, 2022 within six months from the date "of notice of final denial of the claim by the agency to which it was presented" as required by 28 U.S.C. § 2401(b).

The court reviewed Plaintiff's motion for reconsideration and the docket as a whole. On April 9, 2024, Defendants filed a supplement to their brief in support of their motion to dismiss with the Western District of Pennsylvania. (Doc. 60.) Attached to the supplement are the letters from NERO. (Docs. 604, 60-6.) This includes a March 14, 2022 letter denying Plaintiff's request for reconsideration of the administrative claim that Plaintiff filed with the Bureau of Prisons. (Doc. 60-6.) Included in the letter is notice to Plaintiff setting forth his six-month appeal period: "If you are dissatisfied with this decision, you may bring an action against

the United States in an appropriate United States District Court within six (6) months of the date of this letter." (*Id*.) Therefore, the claims made in Plaintiff's motion for reconsideration are supported in the record, and the court will grant the motion and reopen the case.

### B. Plaintiff's Motion for a Stay Will Be Denied.

Because Plaintiff's motion for reconsideration will be granted, there is no need for him to file additional arguments in support. Therefore, the court will deny the pending motion for a stay seeking additional time for Plaintiff to further support his motion. (Doc. 99.)

### C. All Constitutional Claims in the Second Amended Complaint Will Be Dismissed Under 28 U.S.C. § 1915A.

In the second amended complaint, Plaintiff is insistent that no claims are being raised pursuant to *Bivens* and the Fourth, Fifth, Eighth, and Fourteenth Amendment violations he alleges are being raised under the FTCA. (Doc. 84.)

Under 28 U.S.C. § 1915A, federal district courts "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The grounds for dismissal under 28 U.S.C. § 1915A include a complaint that is frivolous, malicious, or fails to state a claim up on which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is

identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Simonton v. Ryland-Tanner*, 836 Fed. App'x. 81, 83 (3rd Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

8

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) (citing *Berkovitz v. United States*, 486 U.S. 531, 536, (1988); 28 U.S.C. §§ 2671–2680). However, it "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" *See Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)). In contrast, "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3rd Cir. 2018).

Essentially, Plaintiff is mixing apples and oranges. His constitutional challenges must be raised against individuals under *Bivens* and his state law tort challenges against the United States must be raised under the FTCA. Since Plaintiff has repeatedly stated in his second amended complaint that he is not raising a *Bivens* action and does not name any individuals as defendants, the court will dismiss all constitutional claims without prejudice. The surviving claims consist of state law tort challenges set forth in the second amended complaint and the exhibit attached. (Doc. 84, 84-1.)

## CONCLUSION

For the above stated reasons, the court will grant Plaintiff's motion for reconsideration and reopen the case. All constitutional challenges will be dismissed pursuant to 28 U.S.C. § 1915A, and Defendant will answer the second amended complaint concerning the state law tort claims raised under the FTCA. Plaintiff's motion for a stay will be denied.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 17, 2025